UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE



FILED

2020 MAR -3 P 3:44

U.S. DISTRICT COURT
EASTERN DIST. TENN.

_____ DEPT. CLERK

UNITED STATES OF AMERICA )
)
)
v. )
)
) NO. 3:20-CR- 24
)
) JUDGES Reeves / Poplin
)
) (SEALED)
)
BILLY HAUN, )
)
HELENA NEELEY, )
)
CRISTA DAY )

# INDICTMENT

## COUNT ONE

The Grand Jury charges that from in or about October of 2018, up to and including on or about February 1, 2020, in the Eastern District of Tennessee and elsewhere, the defendants, ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ BILLY HAUN, ▅▅▅ ▅▅▅, HELENA NEELEY, ▅▅▅▅▅▅ and CRISTA DAY, and other persons known and unknown to the Grand Jury, did knowingly, intentionally, and without authority, combine, conspire, confederate, and agree with one another and with diverse others to commit the following offenses against the United States of America: the distribution of fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A).

## NOTICE OF ENHANCED PENALTIES

Before committing the offense charged in Count One of this Indictment, the defendant, ▓▓▓▓▓▓▓▓▓▓ had at least one final conviction for a serious drug felony, for which she served at least 12 months in custody and was released from custody no more than 15 years before the commencement of the offense charged in Count One. As a result, the defendant, ▓▓▓▓▓▓▓▓▓▓ is subject to an enhanced penalty under Title 21, United States Code, Sections 841(b)(1)(C) and 851.

## COUNT TWO

The Grand Jury further charges that, on or about October 3, 2018, in the Eastern District of Tennessee, the defendant, ▓▓▓▓▓▓▓▓▓▓ did knowingly, intentionally, and without authority possess with the intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT THREE

The Grand Jury further charges that on or about October 31, 2018, in the Eastern District of Tennessee, the defendant, ▓▓▓▓▓▓▓▓▓▓ knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess a firearm, and the firearm has been shipped and transported in interstate commerce; in violation Title 18, United States Code, Section 922(g)(1).

## COUNT FOUR

The Grand Jury further charges that, on or about April 15, 2019, in the Eastern District of Tennessee and elsewhere, the defendant, ▇▇▇▇▇▇ did knowingly, intentionally, and without authority distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT FIVE

The Grand Jury further charges that, on or about April 18, 2019, in the Eastern District of Tennessee, the defendant, ▇▇▇▇▇▇ did knowingly, intentionally, and without authority possess with the intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT SIX

The Grand Jury further charges that, on or about June 20, 2019, in the Eastern District of Tennessee, the defendant, ▇▇▇▇▇▇ did knowingly, intentionally, and without authority possess with the intent to distribute five (5) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT SEVEN

The Grand Jury further charges that from in or about October 2018, up to and including on or about February 1, 2020, in the Eastern District of Tennessee and elsewhere, the defendants, ███████████████, BILLY HAUN, and ███████ did knowingly, intentionally, and without authority combine, conspire, confederate, and agree with one another and others known and unknown to the Grand Jury to commit certain offenses against the United States in violation of Title 18, United States Code, Section 1956 as follows:

(a) to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is conspiracy to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A), with the intent to promote the carrying on of a specified unlawful activity, that is conspiracy to distribute and fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A), and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

(b) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity that is conspiracy to distribute and fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance,

all in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A), knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of a specified unlawful activity that is conspiracy to distribute and fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A), and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i), all in violation of Title 18, United States Code, Section 1956(h).

## DRUG TRAFFICKING FORFEITURE ALLEGATIONS

The allegations contained in Counts One, Two, Four, Five, and Six are incorporated herein by reference for the purpose of alleging forfeiture. Upon conviction of an offense in violation of 21 U.S.C. §§ 841 and/or 846, the defendants ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ pursuant to 21 U.S.C. § 853, shall forfeit to the United States any and all property used, and intended to be used, to commit, and to facilitate the commission of a violation of 21 U.S.C. §§ 841 and/or 846, and any and all property constituting and derived from any proceeds obtained, directly and indirectly, as a result of a violation of 21 U.S.C. §§ 841 and/or 846, including, but not limited to the following properties:

5

**Money Judgment**

Proceeds the defendants, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ personally obtained as a result of the violations of Title 21, United States Code, Sections 841 and/or 846.

If, as the result of any act or omission of the defendants ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇ any of the properties described above, (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to or deposited with a third party; (3) has been placed beyond the jurisdiction of the Court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty, the defendants shall forfeit any other property of the defendants up to the value of the properties described above, pursuant to 21 U.S.C. § 853(p).

## FIREARM FORFEITURE ALLEGATIONS

1. The allegations contained in Count Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offenses in violation of Title 18, United States Code, Section 922(g)(1) as set forth in this Indictment, the defendant, ▇▇▇▇▇▇▇▇▇▇▇▇ shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the commission of the offense, including but not limited to: Black Heritage .22 caliber handgun seized from ▇▇▇▇▇▇▇▇▇▇▇▇▇

3. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

## MONEY LAUNDERING FORFEITURE ALLEGATIONS

The allegations contained in Count Seven are incorporated herein by reference for the purpose of alleging forfeiture. Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of an offense in violation of 18 U.S.C. § 1956, the defendants ▓▓▓▓▓▓▓▓▓▓ shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

### Money Judgment

Proceeds the defendants, ▓▓▓▓▓▓▓▓▓▓ personally obtained that were involved in financial transactions conducted in violation of Title 18, United States Code, Section 1956.

If, as the result of any act or omission of the defendants, ▓▓▓▓▓▓▓▓▓▓ any of the property described above, (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to or deposited with a third party; (3) has been placed

7

Case 2:20-cr-00024-PLR-CRW Document 5 Filed 03/04/2003 Page 7 of 8 PageID #: 9

beyond the jurisdiction of the Court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty, the defendants shall forfeit substitute property, up to the value of the property subject to forfeiture, pursuant to 21 U.S.C. § 853(p) and 18 U.S.C. § 982(b)(1).

A TRUE BILL:

GRAND JURY FOREPERSON

J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY

Alan S. Kirk
Assistant United States Attorney