IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:20-CR-24-TAV-DCP |
| | ) | |
| | ) | |
| BILLY HAUN, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. On April 24, 2020, the Court held a telephonic hearing on the motions by Defendants Billy Haun [Doc. 28] and Christa Day [Doc. 30] to continue the May 12, 2020 trial date in this case. Assistant United States Attorney Alan Scott Kirk appeared by telephone on behalf of the Government. The following defense counsel also appeared by telephone: Attorney Michael Thomas Cabage for Defendant Haun; Attorney Donny M. Young for Defendant Justin Massengill; Attorney Christopher Rodgers for Defendant Helena Neeley, and Attorney Jamie Poston Hughes for Defendant Day. All Defendants were excused from this hearing.

Defendant Haun asks [Doc. 28] the Court to continue the trial date and other deadlines to give counsel time to complete review of discovery and to prepare for trial. The motion states that the disk containing discovery is not compatible with counsel's computer. Defendant Haun also states that counsel has not been able to meet with him at the jail, due to restrictions relating

to the COVID-19 pandemic. Defendant Day also asks [Doc. 30] for a continuance of the trial and schedule, stating that counsel cannot meet with her confidentially from home, where counsel is now working. Both motions note that some codefendants have yet to enter the case and that the Government does not oppose the proposed continuance.

At the motion hearing, Mr. Cabage stated that he received discovery in a compatible format and has reviewed it but that he cannot visit his client in the jail. He said he is asking for a continuance to have more time to meet with the Defendant. Ms. Hughes stated that she has not been able to review the discovery with her client, due to visitation restrictions at the jail. Mr. Young said he was appointed to represent Defendant Massengill last week and has not received the discovery yet. He said that Defendant Massengill does not oppose a continuance. Mr. Rodgers related that his client also had no objection to a continuance. He noted that he has spoken with his client by telephone but cannot meet with her on the discovery.

AUSA Kirk confirmed that the Government does not oppose a continuance of the trial and schedule in this case. He stated that he was mailing the discovery to Mr. Young today. The parties agreed on a new trial date of December 8, 2020.

The Court finds the motions to continue the trial are unopposed by the Government and all codefendants and are well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Indictment [Doc. 3] charges the Defendants and others, named and unnamed, with conspiring to distribute methamphetamine from October 2018 through February 1, 2020 (Count One). Defendant Haun is also charged with a money laundering conspiracy (Count Seven) during this same time frame. Defendant Massengill is charged with

being a felon in possession of a firearm on October 31, 2018 (Count Three).  The Court observes that several Defendants named in the Indictment have yet to enter the case.

The Court finds that defense counsel, one of whom joined the case on April 17, 2020, need additional time to review discovery, to investigate the facts of the case, to confer with their clients, to prepare and litigate pretrial motions, and to prepare the case for trial.  The Court finds that limitations on in-person meetings with clients have slowed the review of discovery in this case.  The Court finds that the remaining trial preparations cannot take place before the May 12 trial date in this case or in less than seven and one-half months.  Thus, the Court finds that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence.  *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the motions to continue the trial [**Docs. 28 & 30**] are **GRANTED**.  The trial of this case is reset to **December 8, 2020**.  The Court finds that all the time between the filing of Defendant Haun's motion on April 2, 2020, and the new trial date of December 8, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.  *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B).  The Court also set a new schedule in this case, which is stated in detail below.  Accordingly, it is **ORDERED** as follows:

(1) The motions to continue the trial [**Docs. 28 & 30**] are **GRANTED**;

(2) The trial of this matter is reset to commence on **December 8, 2020**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the first motion to continue on **April 2, 2020**, and the new trial date of **December 8, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing pretrial motions is **June 26, 2020**. Responses to motions are due on or before **July 10, 2020**;

3

Case 3:20-cr-00024-PLR-DCP   Document 43   Filed 04/27/20   Page 3 of 4   PageID #: 110

(5) The Court will hold a motion hearing on all pending pretrial motions on **July 13, 2020, at 10:00 a.m.**;

(6) The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **November 9, 2020**;

(7) The final pretrial conference will take place before the undersigned on **November 16, 2020, at 9:30 a.m.**;

(8) Motions *in limine* must be filed no later than **November 23, 2020**; and

(9) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **November 30, 2020**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge